**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IZTOK PLEVNIK,
102 Snowdrift Lane
Mountain Village, Colorado 81435,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485;

MARKWAYNE MULLIN, in his official capacity
as Secretary of Homeland Security,
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485;

U.S. CUSTOMS AND BORDER PROTECTION,
1300 Pennsylvania Avenue NW
Washington, DC 20229; and

RODNEY S. SCOTT, in his official capacity as
Commissioner of U.S. Customs and Border
Protection,
1300 Pennsylvania Avenue NW
Washington, DC 20229,

Defendants.
______________________________________________)

Civil Action No. _______________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
**UNDER THE ADMINISTRATIVE PROCEDURE ACT**

Plaintiff, IZTOK PLEVNIK, sues Defendants and alleges:

## INTRODUCTION

1. Plaintiff has been detained and referred to secondary inspection by U.S. Customs and Border Protection on each of his last five returns to the United States, at three different ports of

entry, over a period of twelve months. On information and belief, each referral resulted from records maintained or accessed by Defendants that associate Plaintiff with a 2024 Florida arrest on a charge the State of Florida never prosecuted. CBP continued to detain him even after CBP vetted him and approved him for Global Entry, its trusted traveler program.

2. The Florida State Attorney filed a No Information on January 10, 2025, recording in the State's file that “the facts did not support the charge” and that the matter “is a civil in nature.” No charge was ever filed or refiled. The Florida Department of Law Enforcement issued a Certificate of Eligibility, and on October 16, 2025, a Florida court ordered the record sealed under section 943.059, Florida Statutes. Under Florida law, Plaintiff may lawfully deny or fail to acknowledge the arrest covered by the sealed record, subject to limited statutory exceptions. § 943.059(4)(a), Fla. Stat.

3. Plaintiff does not seek money damages. He asks this Court to compel Defendants to adjudicate his pending redress inquiry, to correct or remove the records that associate him with the dismissed arrest as derogatory information, and to cease subjecting him to secondary inspection on that basis.

## PARTIES

4. Plaintiff, IZTOK PLEVNIK, is a citizen of Slovenia who is a lawful permanent resident of the United States.

5. Defendant UNITED STATES DEPARTMENT OF HOMELAND SECURITY (“DHS”) is an executive department of the United States. 6 U.S.C. § 111. DHS administers the DHS Traveler Redress Inquiry Program (“DHS TRIP”).

6. Defendant MARKWAYNE MULLIN is the Secretary of Homeland Security and is sued in his official capacity. Under Federal Rule of Civil Procedure 25(d), any successor in office is automatically substituted as a party.

7. Defendant U.S. CUSTOMS AND BORDER PROTECTION ("CBP") is a component of DHS responsible for the inspection of persons arriving in the United States at ports of entry. CBP owns and operates TECS, the law enforcement information system used in inspecting travelers at ports of entry.

8. Defendant RODNEY S. SCOTT is the Commissioner of CBP and is sued in his official capacity. Under Federal Rule of Civil Procedure 25(d), any successor in office is automatically substituted as a party.

**JURISDICTION AND VENUE**

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. The Court may grant declaratory and further relief under 28 U.S.C. §§ 2201–2202.

10. The United States has waived sovereign immunity for this action, which seeks "relief other than money damages" against an agency and its officers acting in their official capacities. 5 U.S.C. § 702.

11. This Court's jurisdiction is not displaced by 49 U.S.C. § 46110, which provides for review in the courts of appeals of orders of the Secretary of Transportation, the Administrator of the Transportation Security Administration, and the Administrator of the Federal Aviation Administration. Plaintiff challenges actions of CBP at ports of entry, which are not orders of those officials. *Abdellatif v. U.S. Dep't of Homeland Sec.*, No. 20-1298 (D.C. Cir. July 26, 2024)

(reviewing DHS TRIP determination under § 46110 only insofar as it pertained to TSA, and recognizing that CBP inspections at ports of entry are not TSA orders).

12. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A). Defendants are agencies of the United States and officers of the United States sued in their official capacities. DHS and CBP are headquartered in the District of Columbia, and Defendants Mullin and Scott perform their official duties here. Decisions concerning DHS TRIP and the maintenance of the records at issue are made, on information and belief, at Defendants' headquarters in this District.

## FACTUAL ALLEGATIONS

### A. The 2024 Arrest and Its Disposition

13. In 2024, Plaintiff's former residential landlord reported Plaintiff to the Martin County Sheriff's Office for grand theft based on four electronic rent payments that were declined for insufficient funds. The funds never left Plaintiff's account and were never received by the landlord.

14. A warrant application was first submitted on a worthless-check theory and was refused. The reviewing Assistant State Attorney wrote that section 832, Florida Statutes, "does not contemplate the use of echecks or EFTs," and recorded the disposition as "Warrant Denied." An arrest warrant later issued on September 19, 2024. On November 19, 2024, Plaintiff voluntarily surrendered on the warrant at the Martin County Jail, and he was released on bond the following day. The case was *State of Florida v. Plevnik*, Case No. 24001090CFAXMX, in the Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Florida.

15. On January 10, 2025, the State Attorney filed a No Information as to the sole charge, third degree grand theft. (Ex. A.) The prosecutor's file note states: "The case came through originally as a worthless check case. Because of how the payments were made, the facts did not

support the charge. The alternative theory was presented of grand theft. However, looking at the facts, this is a civil in nature." No information or indictment was ever filed, and the State has not sought to reinstitute the charge.

16. In July 2025, the Florida Department of Law Enforcement issued Plaintiff a Certificate of Eligibility to petition the court to seal the arrest record. On October 16, 2025, the Circuit Court entered an Order to Seal Records under section 943.059, Florida Statutes, and Florida Rule of Criminal Procedure 3.692. (Ex. B.) The court found that the charge was dismissed before arraignment and that Plaintiff has never been adjudicated guilty of any criminal offense. (*Id.* at 1.) It directed the State Attorney, the Martin County Sheriff's Office, and the Florida Department of Law Enforcement to comply with section 943.059, and ordered that those agencies "forward a copy of this Order to any agency reflected in their records as having received the instant criminal-history information." (*Id.* at 2, ¶¶ 3–4.)

17. Plaintiff has never been convicted of any crime and has no other arrest.

**B. Plaintiff's Repeated Detention at Ports of Entry**

18. Before the 2024 arrest, Plaintiff commonly traveled internationally without referral to secondary inspection on return.

19. Since the arrest, CBP has detained Plaintiff and referred him to secondary inspection on each of the following returns to the United States:

a. July 30, 2025 — Venice, Italy (VCE) to Atlanta (ATL), Delta Air Lines Flight 1606;

b. April 9, 2026 — Venice (VCE) to Atlanta (ATL), Delta Air Lines Flight 193;

c. May 25, 2026 — Paris (CDG) to Miami (MIA), Delta Air Lines Flight 8547;

d. June 2, 2026 — Venice (VCE) to Atlanta (ATL), Delta Air Lines Flight 1058; and

e. July 27, 2026 — Venice (VCE) to Philadelphia (PHL), American Airlines Flight 715.

20. On each occasion, CBP officers pulled Plaintiff aside from his family and other travelers, took him to secondary inspection, and detained him for hours. On at least one occasion, officers placed Plaintiff in handcuffs. Plaintiff was released on each occasion without charge, and no contraband or violation was found.

21. CBP or U.S. Immigration and Customs Enforcement ("ICE") officers have told Plaintiff that the reason for his repeated detentions is DHS's failure to remove the arrest record from its systems in accordance with the sealing order.

22. The detentions have caused Plaintiff to miss connecting flights, have separated him from his family for hours at a time, and have subjected him to the humiliation of being treated as a criminal suspect, and on one occasion handcuffed, in front of his family and other travelers. Plaintiff has also been subjected to additional screening by the Transportation Security Administration when traveling by air.

23. Plaintiff travels internationally frequently for business and family reasons, as his five international trips in the past twelve months reflect, and he will continue to do so. Absent relief, he will be detained again each time he returns to the United States.

**C. CBP's Approval of Plaintiff for Global Entry**

24. Global Entry is CBP's trusted traveler program. It provides expedited clearance on arrival to pre-approved travelers whom CBP has vetted and determined to present a low risk. *See* 8 C.F.R. § 235.12.

25. On May 26, 2026, after vetting Plaintiff, CBP approved him for Global Entry. His membership expires on May 26, 2031.

26. CBP nevertheless continued to detain Plaintiff and refer him to secondary inspection after approving him for Global Entry, including on June 2 and July 27, 2026.

**D. Defendants' Records**

27. TECS is a CBP system that holds, among other things, lookout records created by CBP and partner agencies, and records of prior encounters at the border. According to DHS's published Privacy Impact Assessment for the TECS System Platform, TECS also provides users at the border a real-time interface to the Federal Bureau of Investigation's National Crime Information Center ("NCIC") and Interstate Identification Index ("III").

28. On information and belief, and as CBP or ICE officers have told Plaintiff, Defendants maintain in TECS, or in another system of records owned or used by DHS, a lookout, encounter record, or other record that identifies Plaintiff with the 2024 arrest, and Defendants rely on that record, or on arrest information returned from NCIC or III, to refer Plaintiff to secondary inspection.

29. On information and belief, those records do not reflect that the State declined to file any charge, that the prosecution terminated by No Information, and that the arrest record was sealed on October 16, 2025.

30. Every one of Plaintiff's detentions in 2026 postdated the court's sealing order.

**E. Plaintiff's DHS TRIP Inquiry**

31. Congress has directed the Secretary of Homeland Security to establish "a timely and fair process" for individuals who believe they have been wrongly identified as a threat, and to establish within DHS an Office of Appeals and Redress, with representation from CBP, to carry out that process. 49 U.S.C. § 44926(a), (b)(1). DHS administers that process through DHS TRIP.

32. On August 13, 2026, Plaintiff submitted a DHS TRIP inquiry, Case No. 00688297, as a "Customs or Border Incident." He stated that he is regularly stopped and detained at the border, causing him to miss connecting flights, based on an arrest record sealed by order of a Florida court; that CBP or ICE had informed him that the reason for his detentions is DHS's failure to remove the record in accordance with the sealing order; and he requested that DHS remove the sealed arrest record from its systems. He submitted the sealing order and his Global Entry card with the inquiry. (Ex. C.)

33. DHS TRIP then requested a legible, unexpired copy of Plaintiff's passport, due September 20, 2026. Plaintiff provided it, and DHS TRIP confirmed receipt. (Ex. C.)

34. As of October 14, 2026, DHS TRIP listed Plaintiff's inquiry as "In Progress." DHS has issued no determination. (Ex. C.)

35. Plaintiff has no other adequate remedy. DHS has exempted the TECS system of records from the access and amendment provisions of the Privacy Act, 5 U.S.C. § 552a(j)–(k), and no statute provides for judicial review of CBP's maintenance and use of the records at issue.

## COUNT I

### Administrative Procedure Act, 5 U.S.C. § 706(1)
### Agency Action Unlawfully Withheld or Unreasonably Delayed

36. Plaintiff realleges paragraphs 1 through 35 as if fully set forth here.

37. Under 49 U.S.C. § 44926, Defendants are required to provide a timely and fair process for resolving redress inquiries such as Plaintiff's. Adjudicating Plaintiff's inquiry is a discrete agency action that Defendants are required to take. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

38. Defendants have not adjudicated Plaintiff's inquiry, submitted over two months before this Complaint was filed and complete since Plaintiff supplied the information DHS TRIP

requested, while Plaintiff continues to be detained on each return to the United States. Defendants' delay is unreasonable in light of the factors identified in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), including the ongoing harm to Plaintiff's liberty and the absence of any countervailing agency interest in delay.

39. Plaintiff is entitled to an order compelling Defendants to adjudicate his inquiry within a time set by the Court. 5 U.S.C. § 706(1).

## COUNT II

### Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### Arbitrary, Capricious, and Not in Accordance with Law

40. Plaintiff realleges paragraphs 1 through 35 as if fully set forth here.

41. Defendants' maintenance of records identifying Plaintiff with the 2024 arrest as derogatory information, and their repeated decisions to refer Plaintiff to secondary inspection on the basis of those records, are final agency actions. They mark the consummation of Defendants' decision-making and determine the treatment Plaintiff receives at the border. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

42. Those actions are arbitrary, capricious, and not in accordance with law. Defendants have entirely failed to consider an important aspect of the problem, namely that no charge was ever filed, that the State recorded that the facts did not support the charge and that the matter was civil in nature, and that the record has been sealed, and have offered no rational connection between the facts and the choice to treat Plaintiff as a person warranting repeated secondary inspection. Defendants' treatment of Plaintiff is also irreconcilable with CBP's own decision, after vetting him, to approve him for Global Entry. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

43. Defendants' actions should be held unlawful and set aside, and Defendants should be ordered to correct or remove the records at issue. 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' maintenance and use of records identifying Plaintiff with the 2024 arrest as a basis for referring him to secondary inspection is arbitrary, capricious, and not in accordance with law;

b. Order Defendants to adjudicate Plaintiff's DHS TRIP inquiry within a time set by the Court;

c. Order Defendants to remove from TECS and from any other system of records owned or controlled by DHS or CBP any lookout or other record that identifies Plaintiff with the 2024 arrest as derogatory information, or, in the alternative, to correct those records to reflect that no charge was filed, that the prosecution terminated by No Information, and that the record has been sealed;

d. Enjoin Defendants from referring Plaintiff to secondary inspection on the basis of the 2024 arrest; and

e. Grant such further relief as the Court deems just and proper, other than money damages, which Plaintiff does not seek.

Dated: October 15, 2026

Respectfully submitted,

*/s/ Bruce Fein*
**Bruce Fein, Esq.**
D.C. Bar No. 446615

**LAW OFFICE OF BRUCE FEIN**
300 New Jersey Avenue NW, Suite 300
Washington, DC 20001
Telephone: (202) 465-8728
Email: bruce@feinpoints.com

*Counsel for Plaintiff, Iztok Plevnik*